IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LON G. BERNDT and BERLON INDUSTRIES,

                 OPINION and ORDER

      Plaintiffs,

                 08–cv-130-bbc

  v.

GREENWICH INSURANCE COMPANY,
GARY A. ESSMANN and
ANDRUS, SCEALES, STARKE & SAWALL, LLP,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiffs Lon G. Berndt and Berlon Industries have brought this action for legal malpractice against the lawyers who represented them in a case for patent infringement. In the patent case, a jury awarded Kenneth Slaby approximately $366,000 in 2006 for plaintiffs' infringement of two patents for silage cutters, United States Patents Nos. 5,495,987 and 6,814,322. After finding willful infringement, the district court doubled the jury's award and granted Slaby's motion for attorney fees of approximately $100,000.

  In the order denying plaintiffs' motion for a new trial and awarding Slaby attorney fees, the district court wrote that plaintiffs "copied [Slaby's invention] and began manufacturing and selling infringing silage cutters without a license in 2003" and that a

1

recorded conversation demonstrated that plaintiff Berndt "frankly admitted that he intended to continue to manufacture and sell the infringing device and would escrow money so that he could pay when he would 'get caught for doing this.'" Slaby v. Berndt, 06-C-250-S (W.D. Wis. Apr. 5, 2007) (Shabaz, J.), dkt. #108, at 3.  In addition, the court wrote: "This case is truly exceptional.  It presents a most unusual circumstance of self-proclaimed willful infringement without even an arguable basis to believe that the conduct was not infringement."  Id. at 9.  The Court of Appeals for the Federal Circuit affirmed without opinion.

In this action, plaintiffs contend that it was not the strength of Slaby's claim against them that was the reason for Slaby's success at trial, but the incompetence of plaintiffs' lawyers.  In plaintiffs' motion for summary judgment, they list seven different alleged failures of defendants and argue that this court can find as a matter of law that plaintiffs did not infringe the '987 patent, that Slaby was not entitled to pre-suit damages for infringing the '322 parent and that both patents are invalid.

Plaintiff relies on 28 U.S.C. § 1338 as the basis for federal jurisdiction.  That statute gives federal district courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." Plaintiff's legal malpractice claim is a state law cause of action, suggesting that plaintiff's claim does not "aris[e] under" federal law.  See, e.g., Singh v. Duane Morris LLP, 538 F.3d 334 (5th Cir.

2

2008) (no federal question in legal malpractice action filed by former client against attorney who had represented him in previous trademark infringement suit).  See also Custer v. Sweeney, 89 F.3d 1156 (4th Cir. 1996) (legal malpractice claim did not arise under federal law even though underlying lawsuit was brought under ERISA); Diaz v. Sheppard, 85 F.3d 1502 (11th Cir. 1996) (district court did not have subject matter jurisdiction over legal malpractice claim of prisoner against attorney who had represented class of prisoners suing prison officials on Eighth Amendment claims).  However, the Court of Appeals for the Federal Circuit has adopted an expansive view of § 1338, holding that a legal malpractice claim arises under patent law whenever success on the claim requires a "determination of patent infringement" or "proof of invalidity."  Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281, 1285 (Fed. Cir. 2007).  Because plaintiffs cannot prevail on their claim without showing that Slaby's patents are invalid or not infringed, the claim meets the standard for exercising federal jurisdiction set forth by the court of appeals.

To prevail on their claim for legal malpractice, plaintiffs must prove that they had a a lawyer-client relationship with defendants, that defendants failed to meet the standard of care in representing plaintiffs and that any negligence by defendants caused plaintiffs injury. Tallmadge v. Boyle, 300 Wis. 2d 510, 522, 730 N.W.2d 173, 179 (Ct. App. 2007). Plaintiffs' motion for summary judgment must be denied because they failed to develop an argument that defendants' representation fell below the standard of care as a matter of law.

3

Whether a lawyer failed to meet the standard of care is a question of fact that is normally determined by expert testimony. DeThorne v. Bakken, 196 Wis. 2d 713, 718, 539 N.W.2d 695, 697 (Ct. App. 1995). Thus, plaintiffs are entitled to judgment as a matter of law only if they can show that no reasonable jury could find that defendants met the relevant standard. Keri v. Board of Trustees of Purdue University, 458 F.3d 620, 627 (7th Cir. 2006); see also Cook v. Continental Casualty Co., 180 Wis.2d 237, 247, 509 N.W.2d 100, 103 (Ct. App.1993).

Plaintiffs cite no cases from the Wisconsin Supreme Court or the Wisconsin Court of Appeals in which the court held as a matter of law that a lawyer had acted negligently in representing his client. Rather, the general practice appears to be to reserve this question for the jury when the court determines that the lawyer is not entitled to judgment as a matter of law. E.g., Thiery v. Bye, 228 Wis. 2d 231, 246, 597 N.W.2d 449, 456 (Ct. App. 1999); Soderlund v. Alton, 160 Wis. 2d 825, 467 N.W.2d 144 (Ct. App. 1991); Helmbrecht v. St. Paul Insurance Co., 122 Wis. 2d 94, 362 N.W.2d 118 (Ct. App. 1985). Even if it were appropriate to grant summary judgment to a plaintiff in some legal malpractice cases, plaintiffs have failed to show that this is such a case. In their brief in chief, plaintiffs simply list the actions and inactions by defendants that plaintiffs believe were negligent; they do not develop any argument that defendants were negligent as a matter of law or that no reasonable jury could find in favor of defendants on that issue. Although plaintiffs touch on

4

this question in their reply brief, that was too late because defendants did not have an opportunity to respond. Nelson v. La Crosse County Dist. Attorney, 301 F.3d 820, 836 (7th Cir. 2002) (arguments raised for the first time in reply brief are waived).

Plaintiffs point out that the questions of causation and damages in a legal malpractice action may be questions of law for the court, Helmbrecht, 122 Wis. 2d at 125-26, 362 N.W.2d at 134-35, and they ask the court to rule on those issues. That request is premature. I cannot determine whether defendants' negligence caused plaintiffs injury until it is determined whether defendants were negligent in fact . Plaintiffs are not entitled to an advisory opinion. Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 927 (7th Cir. 2000).

ORDER

IT IS ORDERED that the motion for summary judgment filed by plaintiffs Lon G. Berndt and Berlon Industries, LLC, dkt. #28, is DENIED.

Entered this 2nd day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge